UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

KARL WINGO,

        Petitioner,

vs.

ROBERT FARLEY,

        Respondent.

CASE NO. 4:12-CV-2072

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is *pro se* petitioner Karl Wingo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 and the Privacy Act, 5 U.S.C. §552a. (Doc. No. 1.) Wingo, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden Robert Farley. He asserts the Bureau of Prisons (BOP) abused its discretion by using inaccurate information to determine his security classification. Wingo seeks an Order from this Court removing his "Greatest Severity" Public Safety Factor (PSF). For the reasons set forth below, the Court **DISMISSES** the petition for writ of habeas corpus.

**I. Background**

In 1991, Wingo was named in an indictment filed in the United States District Court for the Eastern District of Michigan. *See United States of America v. Coleman et al*, No. 91cr80936 (E.D.

-1-

Case No. 4:12-CV-2072
Gwin, J.

Mich. Nov. 12, 1991 ).[1] A jury later found him guilty of the following eighteen counts: one count of conspiracy to possess with intent to distribute cocaine and heroin; one count of engaging in a continuing criminal enterprise ("CCE"); two counts of aiding and abetting in the distribution of a controlled substance; one count of possession with intent to distribute a controlled substance; two counts of using a firearm in drug trafficking; one count of possession of a firearm with an obliterated serial number; eight counts of money laundering; and two counts of unlawful use of a telephone. On February 2, 1993, the district court sentenced petitioner to a term of imprisonment of 540 months.[2] He is scheduled for release from prison on December 30, 2017.  *See* www.bop.gov/iloc2

      Petitioner was advised by F.C.I. Elkton staff, at an undisclosed point, that his classification level was increased from moderate to Greatest Severity.  He filed a Request for Administrative Remedy asking the warden to remove the Greatest Security Management Variable from his Custody Classification form.  The warden agreed and removed the management variable,[3] but he reapplied

---

[1] The court is also relying on facts Petitioner outlined in a prior habeas petition he filed in this court. *See Wingo v. Shartle*, No. 1:09-cv-02652 (N.D. Ohio filed Nov. 12, 2009)(Polster, J.)

[2] Petitioner's sentence was later reduced to a term of 360 months.

[3] Under BOP Program Statement 5100, *Inmate Security Designation and Custody Classification*, it explains that a Management Variable (MGTV):

> reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution. A Management Variable(s) is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's security score — a score which may not completely/accurately reflect his or her security needs.

BOP P.S. 5100.08, Ch.2, p. 3.

Case No. 4:12-CV-2072
Gwin, J.

a Greatest Severity Public Safety Factor.[4] Looking first at Petititioner's criminal sentence of 360 months, the warden noted that Wingo's Presentence Report identified him as an "organizer or leader"of the Wingo organization. The PSR further noted that his base offense level of 38 involved the equivalent of between 30,000 and 100,000 kilograms of marijuana. The warden also considered the sentencing judge's Opinion and Order, dated June 1, 2011, amending his Statement of Reasons to exclude any finding regarding the drug quantity for which petitioner should be held accountable. However, under BOP policy, any inmate convicted of a drug offense who participated as "part of an organizational network and he or she organized or maintained ownership interest/profits from large-scale drug activity, ***AND*** [t]he drug amount equals or exceeds the amount below . . . Marijuana - greater than or equal to 620,000 gm, 620 K, or 1,367 lb," qualifies for a Greatest Severity offense level. BOP P.S. 5100.08 (Appendix A, p.1). Based on this analysis, the warden denied Wingo's request, in part.

Petitioner's subsequent appeals to the Regional Director and National Inmate Appeals Administrator were denied based on the same reasoning applied by the warden.

## II. Legal Standards

*A. 28 U.S.C. §2243*

For any federal habeas petitioner, "[t]he burden to show that he is in custody in

---

[4]This is one of nine Public Safety Factors (PSFs) the BOP applies to inmates "who are not appropriate for placement at an institution which would permit inmate access to the community (i.e., MINIMUM security). The application of a PSF overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or prior behavior." BOP P.S. 5100.08, Ch. 2, p. 4.

Case No. 4:12-CV-2072
Gwin, J.

violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970).) Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

> *B. 28 U.S.C. § 2241*

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Because Petitioner is imprisoned at F.C.I. Elkton the proper respondent in this action is Wingo's current custodian, Warden Farley. While this Court has personal jurisdiction over Wingo's custodian, it lacks subject matter jurisdiction over the Petition for the reasons stated below.

### III. Analysis

Petitioner argues the BOP's actions violate the Privacy Act because it is relying on inaccurate records. The practice is allegedly resulting in an "arbitrary and capricious" assignment of his security and classification.

Case No. 4:12-CV-2072
Gwin, J.

Wingo claims that after he filed a Rule 36 Motion to Correct his Presentence Report (PSR) in the trial court, the judge specifically stated he "makes no finding regarding the drug quantity for which Defendant should be held accountable in light of the parties' agreement on the applicable offense level." (Pet. at 5.) From this, Petitioner concludes the Privacy Act prohibits the BOP from ever relying on any drug quantity to consider his security classification. As a result of the BOP's erroneous classification, Petitioner complains he is barred from placement for certain job assignments as well as half-way house eligibility.

A. *No Right to Custody Classification*

The BOP's classification procedure functions solely within the discretion of the Attorney General, as delegated to the Director of the BOP. *See* 18 U.S.C. § 4081; 28 C.F.R. § 0.96. *See e.g., Peck v. Hoff*, 660 F.2d 371 (8th Cir.1981). Therefore, prisoners who assert any right to a certain security classification do not state a constitutional claim. *See Moody v. Daggett*, 429 U.S. 78 (1976). Congress has given federal prison officials "full discretion" to control the conditions of confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims based on security classification. *Id*. at 88, n. 9.

B. *Privacy Act, 5 U.S.C. § 552a*

Under the Privacy Act, an individual may file a civil action against an agency that refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C.Cir.1992) (subsection (g) provides civil remedies for violations of subsection (e)(5)).8 The Act further provides, however, that an agency's Director may promulgate regulations to

Case No. 4:12-CV-2072
Gwin, J.

exempt any system of records within the agency from any part of the Privacy Act, . . . , if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including ... correctional, probation, pardon, or parole authorities, and which consists of ... reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). Consistent with this authority, the BOP has exempted certain record systems from the Privacy Act, including the Inmate Central Record System that maintains the Plaintiff's PSR. *See* 28 C.F.R. § 16.97(a)(4). Even though the Court is not convinced Petitioner's PSR is inaccurate, the BOP's record system is exempt from the Privacy Act and the agency is therefore not required to correct Plaintiff's PSR. *See White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C.Cir.1998) (plaintiff inmate barred from seeking amendment of his presentence report).

      The Privacy Act is not the proper vehicle to challenge an agency's opinions or judgments. Rather, the Act "is intended to remedy 'factual or historical errors,' and is not a vehicle for addressing 'the judgments of federal officials ... reflected in records maintained by federal agencies.' " *Velikonja v. Mueller*, 362 F.Supp.2d 1, 16 (D.D.C.2004) (quoting *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C.Cir.1992)), *aff'd*, 466 F.3d 122 (D.C. Cir. 2006)(per curiam).

Case No. 4:12-CV-2072
Gwin, J.

## IV. Conclusion and Order

Based on the foregoing, the Petition is DISMISSED pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 16, 2013

S/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE